Dear Mr. Owen:
You have asked this office to determine whether the City of Zachary Municipal Fire and Police Civil Service Board may enact a regulation which requires that municipal fire and police employees reside within municipal limits. The regulation reads as follows:
 Upon completion of probationary period, must live within a circular area, established forma center point, beginning at the front door of the Zachary City Hall, extending to the furtherest (sic) point in the City limits of Zachary from the front door of City Hall.
The civil service law applicable to Zachary in R.S. 33:2493 provides, in part:
§ 2493. Admissions to tests
Admissions to tests shall be as follows:
 A. Admission to a promotional test shall be limited to regular employees of the class next lower from that for which they are to be examined. However, the rules may provide for admission to be extended to applicants from any one or more of the next lower classes.
 B. Admission to competitive tests shall be open to all persons who meet the requirements provided by this Part and the rules.
 C. (1) Any applicant admitted to a test shall be a citizen of the United States of America and, if of legal age, shall be a qualified elector of the state of Louisiana except as provided by Paragraph (2) of this Subsection.
 (2) No applicant for entry-level employment in the classified fire or police service shall be required to be a qualified elector of the state in order to be admitted to the competitive employment test.
 D. Special requirements or qualifications for admission to test, or for eligibility for appointment, such as age, education, physical requirements, etc., may be established by the rules adopted by the board, after consultation with the appointing authority. Any applicant must be, at the time of his appointment to a positioning the classified service, of good health, good moral character, and of temperate and industrious habits. (Emphasis ours).
Pursuant to R.S. 33:2493(D), the civil service board may set special requirements for admission to tests. In the case of Wright vs. City ofJackson, Ms., 506 F.2d 900, U.S.C.A., 5th Cir. (1975), the Fifth Circuit Court of Appeals upheld residency requirements for firemen who were required to live within the municipality. Further, the Louisiana Supreme Court upheld the constitutionality of a domicile ordinance applicable to a city fire department employee in Police Association of New Orleans vs.City of New Orleans, 649 So.2d 951 (La. 1995).
Thus, it is the opinion of this office that a residency requirement adopted by the Zachary Municipal Fire and Police Civil Service Board would be valid.
Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
DATE RELEASED: June 25, 2002